UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHCF, et al.,<br><br>                    Defendants. | No.  2:25-cv-2121 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

   Plaintiff is a state prisoner proceeding pro se with this civil action and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

   I.     Three Strikes Analysis

   The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded

1 from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three
2 frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook,
3 169 F.3d 1176, 1178 (9th Cir. 1999).

4 "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only
5 when, after careful evaluation of the order dismissing an action, and other relevant information,
6 the district court determines that the action was dismissed because it was frivolous, malicious or
7 failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  Dismissal counts
8 as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it
9 fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an
10 amended complaint" regardless of whether the case was dismissed with or without prejudice.
11 Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

12 Inspection of other cases filed by plaintiff has led to the identification of at least five cases
13 that qualify as strikes.  The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

14. 1. Roberts v. Huckleberry, E.D. Cal. No. 1:18-cv-1237 DAD SAB (complaint dismissed
15. on March 10, 2020, for failure to state a claim (ECF No. 57));
16. 2. Roberts v. KVSP Investigation Service Unit, E.D. Cal. No. 1:19-cv-1055 AWI SAB
17. (complaint dismissed on November 25, 2019, for failure to state a claim (ECF No.
18. 14));
19. 3. Roberts v. Kern Valley State Prison, E.D. Cal. No. 1:20-cv-0670 DAD HBK
20. ((complaint dismissed with leave to amend for failure to state a claim (ECF No. 15);
21. dismissed on August 2, 2021, for failure to file an amended complaint (ECF No. 31));
22. 4. Roberts v. California State Prison Sacramento, E.D. Cal. No. 2:20-cv-1068 TLN DMC
23. (complaint dismissed on October 13, 2021, for failure to state a claim (ECF No. 23));
24. 5. Roberts v. California Department of Corrections and Rehabilitation, E.D. Cal. No.

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1:21-cv-1514 AWI SAB ((complaint dismissed with leave to amend for failure to state a claim (ECF No. 22); case dismissed on February 28, 2022, for failure to state a claim and failure to file an amended complaint (ECF No. 26)).

All of the preceding cases were dismissed well in advance of the July 29, 2025 filing of the instant action, and none of the strikes have been overturned.  Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes (Cervantes), 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint," Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022), and the allegations of such danger must be plausible, Cervantes, 493 F.3d at 1055 ("the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

The complaint appears to allege that defendants Hernandez and Drey have continued to hold plaintiff at a crisis bed in California Health Care Facility instead of releasing him to High Desert State Prison.  ECF No. 1 at 3-4.  Plaintiff alleges that he believes that they are trying to hold him hostage, and that this occurred after they saw pictures of his "'celebrity love krush' [sic] – ('Rachel Bilson')."  Id. at 4.  Plaintiff identifies no injuries, and there are no allegations that would demonstrate an imminent risk of serious physical injury at the time of filing.  The undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.     Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint.  You have not shown that you were in imminent danger of

3

serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

2. Plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE